CLAUDIO L. LLOREDA, demandante y apelante, *v.* HON. PEDRO MANZANO AVIÑÓ, Juez de la Corte Municipal de San Juan, Sección 2ª, demandado y apelado, y COMMERCIAL CREDIT COMPANY, interventora y apelada.

No. 4197.—*Visto:* Marzo 24, 1927. *Resuelto:* Julio 12, 1927.

VENTAS—VENTAS CONDICIONALES—ACCIONES POR EL VENDEDOR O SU CESIONARIO—SOBRE ENTREGA DE LA COSA VENDIDA—CONSIGNACIÓN DE LA CANTIDAD ADEUDADA—INSUFICIENCIA DE LA CONSIGNACIÓN Y EFECTO.—Cuando el no pago de unos plazos da origen al procedimiento que para la entrega al vendedor de la cosa vendida, establece la ley sobre ventas condicionales No. 61 de 1916 (p. 126), según fué enmendada por la No. 40 de 1925 (p. 247), la consignación del importe de dichos plazos sin incluir los gastos a que se refiere el contrato de venta condicional no releva al comprador de su obligación y procede ordenar la entrega, de la cosa vendida condicionalmente, al vendedor.

SENTENCIA de *Domingo Sepúlveda*, J. (San Juan), declarando sin lugar recurso de *certiorari*, con costas. *Confirmada*.

*Angel A. Vázquez*, abogado del apelante; *Francisco Soto Gras*, abogado del interventor-apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

El peticionario apeló de una sentencia de la corte inferior que declaró sin lugar una petición de *certiorari* interpuesta con el fin de que se revisaran ciertas resoluciones de la Corte Municipal de San Juan, Sección Segunda, dictadas en un procedimiento sobre venta condicional.

El peticionario había comprado a la mercantil Zorrilla, Sáenz y Compañía un automóvil. Del precio que había sido convenido quedó a deber cierta cantidad que debía satisfacer en plazos iguales, empezando el primer pago en noviembre 19, 1925. La venta tenía el carácter de condicional, de acuerdo con lo que determina la Ley No. 61 de 1916 sobre ventas condicionales, según fué enmendada por la Ley No. 40, aprobada en junio 27, 1925. La cantidad aplazada fué cedida luego a la corporación "Commercial Credit Company," quedando ésta subrogada en los derechos de la sociedad vendedora.

El peticionario dejó de satisfacer del crédito adeudado varios plazos vencidos, haciendo un total de $119.86. La corporación cesionaria acudió entonces a la corte municipal y siguiendo el procedimiento que establece dicha ley sobre ventas condicionales, pidió por incumplimiento de las condiciones del contrato de venta que se citara a las partes interesadas para una audiencia y que se ordenara la incautación por el márshal del automóvil y se entregara a la Commercial Credit Company.

El comprador no compareció a la audiencia que fué acordada y la corte en diciembre 8, 1926, resolvió de acuerdo con lo solicitado. El márshal no pudo, sin embargo, cumplir la orden de la corte por no encontrar el automóvil en poder del comprador, y entretanto dicho comprador ofreció

al márshal la referida suma de $119.86 con el fin de dar por cumplida la condición del contrato y no tuviera que ejecutar dicha orden.

El márshal se negó a recibir dicha suma fundándose en que la orden de la corte no le autorizaba para hacerlo y entonces el comprador, después de acudir a la otra sección de la corte municipal y consignar los $119.86, en diciembre 16, 1926, presentó una moción a la Corte Municipal, Sección Segunda, y basándose en la consignación que había hecho solicitó el sobreseimiento de las diligencias sobre incautación y entrega del carro a la corporación cesionaria. Esta moción no aparece que fuese resuelta por la corte municipal, y en diciembre 23, 1926, la corporación "Commercial Credit Company," alegando que el márshal devolvió la orden con el diligenciamiento de no haber podido encontrar el automóvil y que teniendo conocimiento exacto del sitio donde se encontraba, pedía que dicho márshal procediera a su entrega. La corte municipal en diciembre 24, 1926, resolvió de conformidad. En diciembre 29, 1926, el comprador recurrió de nuevo a la Corte Municipal, Sección Segunda, insistiendo en haber hecho el pago mediante la consignación y en haber ofrecido a la corporación cesionaria los gastos del procedimiento montantes a $3.25, solicitando la entrega del automóvil. La corte municipal, sección segunda, finalmente, en enero 4, 1927, mediante una resolución fundada, denegó la moción. A fin de que se revisaran estas resoluciones se acudió por el comprador a la corte inferior mediante *certiorari,* y la corte declaró sin lugar el recurso resolviendo en síntesis que si bien la cantidad de $119.86 que consignó el comprador cubría el total de los plazos, no comprendía los gastos originados por el retiro y almacenaje del vehículo, incluyendo entre éstos los gastos y honorarios del abogado de que se valió la Commercial Credit Company ante la corte municipal para el retiro del automóvil del poder del comprador.

Existe una cláusula en el contrato de las partes que dice así:

"Que si el Vendedor o sus sucesores tomasen posesión del vehículo mencionado de acuerdo con el párrafo anterior de este contrato, dicho Vendedor o sus sucesores dejarán dicho vehículo por el término de los siguientes treinta días a la disposición del Comprador, durante cuyo término el Comprador podrá obtenerlo nuevamente mediante el pago completo del importe total de todos los plazos que aún queden sin pagar, más los gastos originados por el retiro y almacenaje de dicho vehículo."

Este acuerdo de los interesados en cuanto a la retención por el vendedor del vehículo por un término de treinta días, durante el cual el comprador o su cesionario podía dar cumplimiento al contrato y subsiguientemente recibir los bienes, está provisto por el artículo 6 de la ley sobre ventas condicionales. En dicho artículo se prescribe además el procedimiento a seguir para que el vendedor pueda recuperar los bienes muebles o semovientes cuando el comprador ha faltado a las condiciones del contrato, pudiendo retenerlos por el indicado término de treinta días. Tal procedimiento fué seguido por el vendedor. El comprador no compareció a la vista que fué señalada por la corte municipal, sección segunda, y la corte ordenó la entrega del vehículo al vendedor, sujeto a las demás disposiciones de la ley. La orden de la corte no pudo cumplirse por no encontrarse el automóvil en poder del comprador, y días después se hizo la consignación de la suma de $119.86 de los plazos adeudados y cuya falta de pago dió origen al procedimiento establecido. Sin embargo, aquella suma no incluía los gastos a que se refería el convenio. Y no es como alega el apelante que no habiéndose cumplido la orden de la corte no existían gastos. El último párrafo del artículo 6 antes citado dice: "Al recibir el márshal de la corte la declaración jurada mencionada, cobrará por derechos la suma de tres dollars que cancelará en sellos de rentas internas y la cual cantidad incluye la anotación del asunto en

la secretaría de la corte.'' Además, según el contrato los plazos vencidos devengaban el interés del 12 por ciento anual y los devengados hasta la fecha de la consignación no fueron incluídos. La consignación en tales condiciones no liberaba al comprador de su obligación y la corte municipal tuvo razón al dictar una segunda resolución ordenando la entrega del vehículo al vendedor. Más tarde, el 29 de diciembre de 1925, el comprador condicional nuevamente insistió, basándose en la consignación y en haber ofrecido los $3 en concepto de costas, en que se sobreseyeran las diligencias sobre retiro y se le entregara el referido automóvil, pero ya en aquella fecha habían transcurrido varios días desde que el automóvil estaba en poder del vendedor y ni siquiera aparece que se ofrecieran pagar los gastos de almacenaje y los intereses devengados.

Es conveniente aclarar que aunque la corte inferior incluye entre los gastos que debe pagar el comprador, honorarios de abogado, sin embargo, ni la ley ni el convenio establecen tal obligación.

*Por todo lo expuesto, debe confirmarse la sentencia apelada.*